23-74-32 Greenwood v. Lee Greenwood 23-74-32 Greenwood v. Lee Good morning. May it please the court. My name is Julia Catania and I represent the appellee Carl Sebastian Greenwood. I wanted to respond to one of Mr. Lee's arguments in reply, namely that our position requires this court to engage in blind trust. Mr. Lee posits that the district court was required to make document-by-document findings on the public record. His brief even says a determination of each word to justify the appropriateness of the closure. That is just not correct. This court hasn't established any requirements for what specific on the record means. Counsel, can I ask about the exhibits? And so what we would look to in the district court's conclusion about wholesale sealing of the exhibits to know that an individualized assessment as to the need for full sealing rather than selective redaction was appropriate. Here, because I mean looking, and we have to be cautious to not reference the sealed material, but looking at the letters, a number of them do appear to be sort of standard sentencing letters from family or friends or the like. And in that case, given the specific concerns here, it struck me as a case where potentially selective redactions would be appropriate. And I think even below in your reply letter, you'd indicated if not sealing entirely, at least two letters should be sealed or we should be given an opportunity to propose redactions. Why wouldn't redactions take care of the problem with at least the letters? In this situation, Your Honor, we believe it's a distinction without a difference because the portions that needed to be public are public and the portions that are sealed because they present the sensitivities are sealed because they talk about private health information. Judge Ramos carefully reviewed the material and in this situation, what he said in his sealing order, you know, I do think he references the sentencing submissions. Maybe there's an ambiguity there as to whether he's talking about the memoranda or the attachments, but he references redactions, which is not what happened with the letters. The letters, the exhibits 1 through 33, were sealed, not redacted. And so, is there some uncertainty in light of that as to whether he did an individualized assessment of the letters of the exhibits for tailoring purposes? I'd like to say a couple things about that. Judge Ramos's findings on the record were sufficient for this court to review whether the closure was proper, which is what the Supreme Court in press enterprise has required. In addition, this court in In Re New York Times said that those findings can be made under seal. So under an abusive discretion standard, the order really doesn't exist in a vacuum. The record below, including Mr. Greenwood's submissions, which explain the sensitivities, as well as the sealed and unredacted material this court has access to, just as Judge Ramos had access to it, is more than enough to determine that the findings were appropriate. Let me maybe put a finer, this is a but what if Judge Ramos's sealing determination said, I have reviewed the sentencing memorandum, memorandum, and I have determined that the redactions are sufficiently narrow to protect medical privacy and other related interests. And then we had the redactions in the memorandum, and then we had the sealing, wholesale sealing of 33 exhibits. How would we, what would be the review of the question of whether, how would we go about reviewing the question of whether he had individually considered the exhibits as opposed to just the sentencing memorandum? I think that the wording of his order, while it is succinct, covers all of the higher sensitivities and the ceiling. So in my hypo, that would be insufficient? No, it wouldn't, Your Honor, because I believe that the court, just as Judge Ramos was able to review the material, can review the material and assess on that basis whether the sealing was appropriate. Well, I mean, I think there's sort of two different challenges. There's the challenge to the underlying sealing, but there's also sort of the procedural challenge to whether the, you know, on-the-record analysis is sufficient. So just taking my hypo, not this case, but my hypo as to a procedural challenge, would it be sufficient if all that was said was, I've reviewed the sentencing memorandum, and the redactions are narrowly tailored to important interests and protectable interests, including medical privacy and other related interests? Would that be a sufficient on-the-record justification for sealing Exhibits 1 through 33? Yes, Your Honor, particularly because those exhibits deal with innocent third parties and minors, and so there is a strong presumption in courts in this circuit that information of that nature should remain under seal because it is entirely private and sensitive. The First Amendment is a qualified, the First Amendment right of access is a qualified right. It's not an absolute. So to the extent that arguments were made in terms of mitigation of sentencing, those portions of the letters that go to that, that go to our argument, are public. You mean they're public in the sentencing memo? I mean, that cuts the other way, doesn't it? That you've sealed information that is public. Why wouldn't those portions at least be necessarily unredacted? That seems to be a distinction without a difference because it's not public. So you wouldn't object to a limited redaction, I'm getting in district court mode a little bit, but you wouldn't have objected to redacting the letters rather than sealing so long as the only information unredacted is what you quoted in your sentencing memorandum? That's correct, Your Honor, and as you pointed out, that was an alternative relief that we sought before the district court. We don't believe that Judge Ramos abuses discretion in determining that wasn't necessary. Also importantly, Mr. Lee below only ever asked for wholesale disclosure. He, in his reply, didn't say, you know, I want more process. I want more review. I think things should be more tailored in their redactions. And to pick up a point from Mr. Lee's brief, he argues to this court that it is a per se abuse of discretion to not make the findings, the public on the record findings, document by document. And that's not a correct assessment of the standard of review because that is a procedural... We have said that the First Amendment Framework Clause continued sealing the documents may be justified only with specific on the record findings that sealing is necessary to protect higher values and only if the sealing order is narrowed. And Judge Ramos didn't comply with that. We believe he did, Your Honor. He listed the higher values that are implicated. I'm sorry. What are you talking about right now? He listed the higher values. So in terms of the First Amendment analysis, which is the analysis I'm arguing that we meet, which is the higher standard to overcome the public's right of access to this material, the Supreme Court has said when courts identify sensitive and private information, it rises to the level of a higher value that then can overcome the First Amendment right of access. And here, there was the private and sensitive information related to both Mr. Greenwood and to third parties. It involved information... So he listed that there were some concerns, but we don't know why Exhibits 2 through 33 were entirely withheld, right? And that's the point of exercise, is to list specific reasons so that somebody can say, oh, that redaction was necessary for medical privacy. But we don't have that here. We have a general statement in one sentence, and then we have a bunch of black. That's really... That's correct, Your Honor, but that's really a procedural or a process objection. And as... We see them every day. We're in business. Exactly. But here, the standard of review about whether Judge Ramos's underlying determination that these private and sensitive topics reach the level of higher values is an abuse of discretion standard. Well, in Brown, a couple of years ago, we said the approach of the district court was legal error because the court was required to make specific findings as to each document resonant general findings concerning the entire record. This case... So you haven't convinced me that that was a... No. This case is nothing like Brown versus Maxwell, where the district court allowed the redaction of one-fifth of the docket and sealed thousands of pages and put in place a standing sealing order that generalized the record as a whole before even... Yeah, Brown was... I don't gainsay was factually more complicated, but the principle seems to me quite clear. Why doesn't the principle announce their plot of this case? I'm trying to get you to help me with it. Because Judge Ramos's order lays out the specific findings as to the memo and the sealed documents, unlike a... Not the 33 documents he did. He swept everything under this two-sentence, two or three-sentence summary. The order says his family's medical information, his family's identities and personal information, and other similarly protected information. This court is permitted to make that determination of whether that's sufficient... Are you saying the district court does not have to, as a matter of law, does not have to make specific findings with respect to the documents that it... That's correct, Your Honor. There's no... Declines to disclose. There's no document-by-document requirement for the findings. If there is a document-by-document requirement, if there happens to be, would you concede you lose this case? No, Your Honor. At most, the case would be remanded back to Judge Ramos for him to make more detailed findings on the record. I would consider it, if I were... Sounds like a loss. That's a loss. Well, if the underlying determinations are the same, and this is highly sensitive and private information, it's... I mean, maybe, but we don't know. This court is permitted to review the sealed material. So, while I can't speak more about it on the open record, I think that there are a lot of special ramifications here and overlapping interests that... I've reviewed the material. And so, just taking a broad category of sentencing letters, and accepting the notion that you might need to redact the names of individuals or other identifying information, whether that's the case or not, but I'll accept that. It seems to me, otherwise, the letters are fairly standard sentencing letters that are put on the docket every single day, either wholesale, including identifying information, or with redactions. And I don't know why, if you removed identifying information or removed references to medical information, for example, which is one of the justifications provided, why that wouldn't be a more tailored approach, acceptable, and that would meet all of the interests that you've discussed. I submit that there is information beyond what you just listed in certain exhibits. Okay, but not in all exhibits. But not in all exhibits. So, and the ones that you agree fall within that category, why isn't redaction required? Redaction, I think it really goes to the standard of review and the ultimate determination by the district court judge. What does that mean? That means that, ultimately, weighing all the factors, his familiarity with the case, with the needs of sentencing, which is really what hangs in the balance here, is the Article 3 function of sentencing, which we acknowledge the public has an interest in. But in doing, in properly assessing an appropriate sentence, district court judges need the free flow of information, and they need people to be candid. So, by and large, the courts in this district often permit innocent third-party letters, particularly here, where it's not just names and identifying information. There is actual harassment that has been experienced, and other things that I'm not going to speak about on the open record. Judge Ramos's ultimate decision that that information was appropriately sealed is correct. Thank you, counsel. Thank you. We'll take the case under advisement.